PATSY PELLEGRINO, RELATOR, v. RICHARD J. EVANS, DEFENDANT.

Argued January 16, 1945—Decided July 24, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the relator, *Charles E. McCraith.*

For the defendant, *David Armstrong.*

The opinion of the court was delivered by

DONGES, J. Relator, by this writ of *quo warranto,* seeks to oust the defendant from the office of building inspector of the City of Rahway and to have it adjudged that relator is entitled to occupy said office. It seems to be conceded that

the building inspector is an officer, as distinguished from a holder of a position or employment, so *quo warranto* would appear to be the proper remedy. *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200; *Nickerson* v. *Wildwood,* 111 *Id.* 169; *Ziegler* v. *City of Hackensack,* 114 *Id.* 186.

It appears that the relator, Patsy Pellegrino, was appointed to the office on January 1st, 1935, for a term of two years. None of the sections of the city building ordinance contained in the record fixes a term of office for the building inspector and apparently the appointment was made for two years by virtue of *R. S.* 40:171–58, which provides that in all cities the governing body shall have power to prescribe the duties and fix the compensation of the inspector of buildings and "to fix his term of office, not to exceed two years." However, there was in existence another statute, *R. S.* 40:171–168, dealing particularly with inspectors of buildings in second class cities, of which Rahway is and was in 1937 one, reading as follows:

"The inspectors of buildings appointed or elected by municipal boards in cities of second class in this state shall hold office during good behavior and shall not be removed, discharged or reduced in pay or position except for inefficiency, incapacity, conduct unbecoming an employee or other just cause, and until the said officials shall have been furnished with a written statement of the reasons for such removal, discharge or reduction and shall have been given a reasonable time to make written answer thereto. Nor shall such removal, discharge or reduction be made until the charge or charges shall have been examined into and found true in fact by the board of officials appointing the said inspector at a hearing, upon reasonable notice to person charged, at which time he may be represented by counsel and offer testimony of witnesses or other evidence in his behalf."

In any event, the relator continued to serve as building inspector with two increases in salary, without further appointment, until January 3d, 1944, when he was dismissed and defendant was named "Part Time Inspector of Buildings" at a reduced salary for a term of two years. In 1936 the city adopted the provisions of the Civil Service Law and

the relator was certified and recorded as being within the classified service. Apparently that status was assumed by everyone concerned until after relator's dismissal when the Civil Service Commission ruled that he was the head of a department and therefore in the unclassified service. Thereafter relator instituted the present proceeding.

Relator was served with no charges, nor was he afforded a hearing at the time of his dismissal.

It seems clear that the above quoted statute applies to the office held by the relator. Rahway was a second class city in 1935, having become such by virtue of the census of 1930. The statute deals particularly with the office in cities of that class and therefore controls instead of the act dealing with cities generally of all classes. The statute was applied in *Avella* v. *Garfield*, 126 *N. J. L.* 507, where an attempt was made to reduce the salary of the incumbent and Mr. Justice Porter said, "The clear purpose of that quoted statute was to protect public employes from removal or reduction in pay without good cause." Relator is entitled to have the protection the legislature has afforded him.

The city contends that the building inspector does not have tenure because Rahway was not a second class city prior to the 1930 census and *R. S.* 40:11–17 provides, with respect to that census:

"The promulgation or taking effect of said census shall not operate to fill, in the several counties and municipalities, any additional offices or employments, or grant any pension or increase any pension paid on the date above mentioned."

It is contended that, if the change in term from one of two years or less to an indefinite term during good behavior is permitted, this is in effect the creation of an additional office. But this is not so. The mere change in term does not create a different office. The office, with identical duties and functions, was in existence and still is, and the effect of the census is not "to fill" an additional office. We are of the opinion that Rahway is a second class city within the purview of *R. S.* 40:171–168.

It is also contended that the relator is in laches, but we think he is not. He moved promptly by way of appeal to the

Civil Service Commission and, when his status there was determined to be that of an officer in the unclassified service, he instituted the present suit. We think he has moved with reasonable diligence under the circumstances.

Relator raises a number of other points which might be the proper subject of argument if this were a review of the determination of the Civil Service Commission, but they have no pertinency in a *quo warranto* proceeding designed to try the title to public office.

The relator is entitled to a judgment of ouster, with costs.